IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DERRICK EVANS,<br><br>Plaintiff,<br><br>v.<br><br>THEHUFFINGTONPOST.COM, INC.,<br><br>Defendant. | C.A. No. 22-1180-GBW |

## MEMORANDUM ORDER

Pending before the Court is Defendant TheHuffingtonPost.com, Inc.'s ("Huffpost" or "Defendant") Motion to Dismiss Plaintiff Derrick Evans' ("Evans" or "Plaintiff") Amended Complaint. D.I. 8. The Court has carefully reviewed the briefing and Amended Complaint. D.I. 3; D.I. 9; D.I. 14; D.I. 15. For the reasons stated below, Huffpost's Motion to Dismiss Evans' Amended Complaint (D.I. 8, "the Motion") is GRANTED.

I. **BACKGROUND**

On September 20, 2018, Huffpost published an article entitled "Former Student: Brett Kavanaugh's Prep School Party Scene Was a 'Free-For-All'" to a nationwide audience. D.I. 3 ¶ 25 ("the Article"). The Article was written by Ashley Feinberg, who at the time was a senior reporter employed by Huffpost. *Id.* at 1 n.1. The Article stated that Evans had helped "score" illegal narcotics that killed David Kennedy in April 1984. *Id.* ¶ 28; *see also* D.I. 3, Ex. 1. Evans contends this statement is false. *See generally* D.I. 3. Accordingly, on August 21, 2019, Evans brought a defamation suit against Huffpost and Ms. Feinberg in the Southern District of Mississippi. D.I. 3 ¶ 76; *Evans v. TheHuffingtonPost.com, Inc.*, C.A. No. 19-536-HSO-RHWR, D.I. 1 (S.D. Miss. Aug. 21, 2019) ("Mississippi Action"). On April 27, 2022, after the parties

1

completed jurisdictional discovery, the court in the Mississippi Action granted Huffpost's and Ms. Feinberg's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). D.I. 3 ¶ 76; Mississippi Action, D.I. 58.

About a month later, Evans filed a defamation action against Huffpost and Ms. Feinberg in the Southern District of New York. *See Evans v. The HuffingtonPost.com, Inc.*, C.A. No. 22-4257-PAE, D.I. 1 (S.D.N.Y. May 24, 2022) ("New York Action"). About a month after filing that lawsuit, Evans filed a Notice of Dismissal dismissing the New York Action without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). *See* New York Action, D.I. 15. Three months later, on September 8, 2022, Evans filed the present litigation in this District. D.I. 1.

## II. LEGAL STANDARDS

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)).

"'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is

entitled to offer evidence to support the claims.'" *Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)), *aff'd*, 2018 WL 11446482 (3d Cir. Apr. 6, 2018). Rule 12(b)(6) requires the court to accept all factual allegations in the complaint as true and view them in the light most favorable to plaintiff. *Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020). The court may consider matters of public record and documents attached to, "integral to[,] or explicitly relied upon in" the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up); *see also Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738, 739 (3d Cir. 2020) (same). "A motion to dismiss 'may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014) (quoting *Burlington Coat Factory*, 114 F.3d at 1420).

## III.  DISCUSSION

Evans asserts a claim for defamation. D.I. 3 ¶¶ 77-84. Huffpost argues Evans' claim is time barred by the statute of limitations. *See* D.I. 9; D.I. 15. The crux of the parties' dispute is whether Mississippi's or New York's statute of limitations applies.

The parties agree that, where jurisdiction is based on diversity of citizenship, as is the case here, federal courts must apply the choice-of-law rules of the forum state, here Delaware. D.I. 9 at 3-4 (citations omitted); D.I. 14 at 5 (citation omitted); *see also Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 621 (3d Cir. 2009). As such, the Court must also apply Delaware's borrowing statute, "which provides that when a non–Delaware resident files suit in Delaware based on a cause of action arising outside of Delaware, the Court must apply the shorter of Delaware's and the other

3

state's statute of limitations."[1] *Johnson v. Warner Bros. Ent.*, C.A. No. 16-185-LPS, 2017 WL 588714, at *3 (D. Del. Feb. 14, 2017). The Delaware borrowing statute provides, in relevant part:

> Where a cause of action arises outside of this state, an action cannot be brought in a court of this State to enforce such a cause of action after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose, for bringing an action upon such cause of action.

10 Del. C. § 8121.

"To determine where a cause of action arises for purposes of the borrowing statute, Delaware's choice of law rules ask which state has the most significant relationship to the claims and to the parties." *Johnson*, 2017 WL 588714, at *3; *see also Triestman v. Slate Grp., LLC*, C.A. No. 19-890-MN, 2020 WL 1450562, at *2 (D. Del. Mar. 25, 2020) (same). "While many factors can be included in this analysis, in a defamation case there is a presumption that 'the local law of the state of the plaintiff's domicile applies unless, with respect to the particular issue, one of the other states has a more significant relationship to the occurrence and the parties.'" *Johnson*, 2017 WL 588714, at *3 (quoting *Stephen G. Perlman, Rearden LLC v. Vox Media, Inc.*, C.A. No. 10046-VCP, 2015 WL 5724838, at *11 (Del. Ch. Sept. 30, 2015)); *see also* Restatement (Second) of Conflict of Laws §§ 149, 150 (1971) (the "Restatement").[2] "This presumption is based on the fact

---

[1] There is no dispute that Evans is a non-Delaware resident.

[2] Delaware courts rely on the Restatement when conducting a choice of law analysis. *See, e.g., Smith v. Delaware State Univ.*, 47 A.3d 472, 480 (Del. 2012); *Avenatti v. Fox News Network, LLC*, C.A. No. 20-01541-SB, 2021 WL 3603035, at *2 (D. Del. Aug. 13, 2021), *aff'd*, 41 F.4th 125 (3d Cir. 2022). Section 149 of the Restatement states:

> In an action for defamation, the local law of the state where the publication occurs determines the rights and liabilities of the parties, except as stated in § 150, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement § 149.

that defamation produces 'a special kind of injury that has its principal effect among one's friends, acquaintances, neighbors and business associates in the place of one's residence.'" *Triestman*, 2020 WL 1450562, at *2 (quoting *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 765 (D. Del. 2012)).

Once the presumption has been established, the Court must analyze the general tort principles outlined in § 145 of the Restatement, and then consider the competing state interests under the principles outlined in § 6 of the Restatement. In other words, the presumptive rule can be overcome by showing that another state has a more significant relationship to the parties and the claims under §§ 6 and 145 of the Restatement.

Here, the parties dispute whether Evans is domiciled in Mississippi. Evans argues that he was domiciled in Mississippi at the time the Article was published and, thus, Mississippi has the most significant relationship to the parties and claims. D.I. 14 at 7-15. Huffpost argues that the presumption does not apply to this case because "Evans admit[ed] he resides in two states and suffered reputational harm, if at all, in multiple states." D.I. 15 at 2. To support its argument, Huffpost relies on extrinsic evidence that is not included in Evans' Amended Complaint. For example, Huffpost relies on interrogatory responses and deposition testimony from the Mississippi Action. *See, e.g.*, D.I. 9 at 8-10 (citing D.I. 10, Ex. D (Evans' Depo)); D.I. 15 at 2-4 (citing D.I. 16, Ex. 1 (Evans' Depo); D.I. 14-2, Ex. B (Evans' Response to Interrogatories)). But this reliance is improper. "'To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Skolas*, 770 F.3d at 249 (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Interrogatory responses and deposition testimony from the

---

For multistate defamation cases dealing with online publications, § 150 of the Restatement applies. *Id.* § 150. Here, the Article was published on Huffpost's website; accordingly, § 150 governs.

5

Mississippi Action are documents outside of the pleadings. *See, e.g., Intercept Pharms., Inc. v. Fiorucci*, C.A. No. 14-1313-RGA, 2017 WL 253966, at *2 (D. Del. Jan. 20, 2017) (refusing to consider interrogatory responses for the purposes of the Rule 12(b)(6) motion because they constituted "extraneous information").[3] As such, the Court will not rely on this evidence for the purposes of this Motion.[4]

Evans' Amended Complaint states that he is a resident and citizen of Mississippi. D.I. 3 ¶ 1. Because Rule 12(b)(6) requires the Court to accept all factual allegations in the Amended Complaint as true and view them in the light most favorable to Evans, the Court concludes, for the purposes of this Motion, that Evans is domiciled in Mississippi. *See AbbVie Inc.*, 976 F.3d at 351.

The Court's determination that Evans is domiciled in Mississippi does not end the Court's inquiry. Although Evans is entitled to a presumption that Mississippi law applies, the Court must consider the four factors outlined in § 145 of the Restatement, which are:

> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.

Restatement § 145(2)(a)-(d).

---

[3] The Third Circuit has held that, "[u]nder the Rule 12(b)(6) standard, courts also may consider deposition testimony, but only for the existence of the testimony—not for the truth of the facts asserted therein." *Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 742 F. App'x 628, 631-32 (3d Cir. 2018) (citations omitted). Here, Huffpost improperly relies on Evans' deposition testimony from the Mississippi Action in its briefs for the truth of the facts asserted therein. *See, e.g.*, D.I. 9 at 8-10 (citing D.I. 10, Ex. D (Evans' Depo)); D.I. 15 at 2-4 (citing D.I. 16, Ex. 1 (Evans' Depo)).

[4] A court that considers documents outside of the pleadings may convert the motion to dismiss to a motion for summary judgment. *Burlington Coat Factory*, 114 F.3d at 1426. The Court declines to convert the Motion into a motion for summary judgment at this stage of the litigation. Thus, the Court declines to rely on the extrinsic evidence when resolving this Motion.

The first factor weighs slightly in favor of applying Mississippi law, as Evans is domiciled in Mississippi. *See* D.I. 14 at 7; *see also* D.I. 3 ¶ 1. While Evans states that his injury is limited to Mississippi, *see, e.g.*, D.I. 14 at 7, he also alleges in his Amended Complaint that the Article was published online "to a nationwide audience on multiple occasions" and, thus, his injury is not limited to Mississippi. D.I. 3 at 1. In multistate defamation cases, "the place of injury will not play an important role in the selection of the state of the applicable law" when the "injury has occurred in two or more states." Restatement § 145 cmt. 2(e).

The second factor weighs slightly in favor of applying New York law. The decision to publish the Article was likely made in New York because Huffpost's headquarters is located in New York. D.I. 3 ¶ 2. That said, the place where the conduct occurred is of "less significance" in cases of multistate defamation. Restatement § 145 cmt. 2(e).

The third factor is neutral. As discussed above, Evans is a resident and citizen of Mississippi. Huffpost is incorporated in Delaware and its headquarters and principal place of business are located in New York. D.I. 3 ¶ 2.

The fourth factor carries no weight. It is unclear to the Court, based on the allegations contained in the Amended Complaint and exhibits attached thereto, where the parties' relationship is centered and/or whether the parties have any relationship. D.I. 3; D.I. 9 at 12; D.I. 14 at 18; D.I. 15 at 7.

Finally, the Court must consider New York's and Mississippi's competing interests under the factors outlined in § 6 of the Restatement:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,

7

> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement § 6(2)(a)-(g). "In applying the principles of § 6 to determine the state of most significant relationship, the forum should give consideration to the relevant policies of all potentially interested states and the relevant interests of those states in the decision of the particular issue." *Id.* § 145 cmt. 2(e).

New York has a strong interest in enforcing its anti-strategic litigation against public participation ("anti-SLAPP") statute. N.Y. Civ. Rights Law § 76-a. On November 10, 2020, New York expanded its First Amendment protections under its anti-SLAPP statute. New York's anti-SLAPP statute now protects actions based on "any communication in a place open to the public or a public forum in connection with an issue of public interest," or "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." *Id.* §§ 76–a(1)(a)(1)-(2); *see also Palin v. New York Times Co.*, 510 F. Supp. 3d 21, 24-26 (S.D.N.Y. 2020). The anti-SLAPP statute directs that the term "public interest" "shall be construed broadly and shall mean any subject other than a purely private matter." N.Y. Civ. Rights Law § 76-a(1)(d). "[T]he amendments create an affirmative cause of action for certain defendants to recover attorneys' fees and other damages from plaintiffs in specified circumstances." *Palin*, 510 F. Supp. 3d at 25 (citing N.Y. Civ. Rights Law § 70-a). The 2020 amendments were meant "'to provide the utmost protection for the free exercise or speech, petition, and association rights, particularly where such rights are exercised in a public forum with respect to issues of public concern.'" *Id.* at 27 (quoting Sponsor Mem. of Sen. Hoylman (July 22, 2020), https://www.nysenate.gov/legislation/bills/2019/s52). It is evident that New York has strong policy interests in regulating its media and the conduct of its citizens.

8

On the other hand, Mississippi does not have an anti-SLAPP statute. *See Durham v. Ankura Consulting Grp., LLC*, C.A. No. 20-112-KS-MTP, 2022 WL 20007542, at *6 n.14 (S.D. Miss. Dec. 12, 2022); *see also Reporters Committee For Freedom of the Press*, https://www.rcfp.org/anti-slapp-guide/mississippi/ (last visited Aug. 14, 2023).

On balance, the competing interests of the states and the interests of interstate comity favor applying New York law. "Whereas [New York] would appear to object strongly to the absence of a robust anti-SLAPP regime, [Mississippi's] interests would be less harmed by the use of [New York] law." *See Sarver v. Chartier*, 813 F.3d 891, 899-900 (9th Cir. 2016). The Court recognizes that Mississippi has an interest in protecting its citizens, but this interest is outweighed by New York's interest in regulating its media.

Taken together, the Court concludes that Huffpost has overcome the presumptive rule that the state law where Evans is domiciled—Mississippi—applies. Apart from Evans residing in Mississippi, his home state has minimal interest in this ligation, while New York, for the reasons discussed above, has the greatest interest in this matter. For the foregoing reasons, the Court concludes that New York has the most significant relationship to this litigation.[5]

Under Delaware's borrowing statute, the Court must apply the shorter of the Delaware statute of limitations and the statute of limitations of the place where Evans' cause of action accrued, which for the reasons discussed above is New York. For defamation cases, Delaware's statute of limitations is two years, Del. C. Tit. 10 § 8119; *Triestman*, 2020 WL 1450562, at *2, while New York's statute of limitations is one-year, N.Y. C.P.L.R. § 215(3). Accordingly, the

---

[5] Unlike the several cases cited in Evans' Answering Brief where Courts have applied the law of a state where the plaintiff domiciles at the time of the publication, D.I. 14 at 10-15, here, there are significantly sufficient considerations under Restatement §§ 6 and 145 to overcome the presumptive rule that were not present in the cases cited by Evans.

Court must apply the shorter statutes of limitations, which is New York. The Article was published on September 20, 2018, D.I. 3 ¶ 25, and this litigation was filed nearly four years later, D.I. 1. Under New York's one-year statute of limitations for defamation cases, this litigation is time-barred.

Next, the Court must determine whether New York's savings statute, N.Y. C.P.L.R. § 205(a), applies. *See Frombach v. Gilbert Assocs., Inc.*, 236 A.2d 363, 366 (Del. 1967) ("The theory is that the borrowed statute is accepted with all its accoutrements.") (citations omitted). New York's "savings statute does not apply to claims that were dismissed for lack of personal jurisdiction." *Wang v. Palmisano*, 157 F. Supp. 3d 306, 325 (S.D.N.Y. 2016); *see also* N.Y. C.P.L.R. § 205(a); *Ezra v. Weitz & Luxembourg, P.C.*, C.A. No. 18-6802-AKH, 2018 WL 10497896, at *2 (S.D.N.Y. Nov. 28, 2018), *aff'd*, 794 F. App'x 27 (2d Cir. 2019). Specifically, New York's savings statute states:

> *If an action is timely commenced and is terminated in any other manner than by* a voluntary discontinuance, *a failure to obtain personal jurisdiction over the defendant*, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.

N.Y. C.P.L.R. § 205(a) (emphasis added).

Because the Mississippi Action was dismissed for lack of personal jurisdiction, Evans cannot benefit from the six-month extension period afforded by New York's savings statute. Therefore, Evans' claims are time barred, and Huffpost's Motion (D.I. 8) is granted.

## IV. CONCLUSION

For the foregoing reasons, HuffPost's Motion (D.I. 8) is granted, and Evans' Amended Complaint (D.I. 3) is dismissed with prejudice.

\* \* \*

WHEREFORE, at Wilmington this 16th day of August, 2023, **IT IS HEREBY ORDERED** that HuffPost's Motion to Dismiss Evans' Amended Complaint (D.I. 8) is **GRANTED** and Evans' Amended Complaint (D.I. 3) is **DISMISSED WITH PREJUDICE.**

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE